# 19MAG3344.

ORIGINAL

Approved: _____
D. Finkel
Assistant United States Attorney

Before: HON. ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA        :        **COMPLAINT**
                                :
        - v. -                  :        Violation of
                                :        21 U.S.C. § 846
ADALGISA MONTILLA,              :
                                :
        Defendant.              :        COUNTY OF OFFENSE:
                                :        NEW YORK
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

CARLOS CARRASCO, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA") and charges as follows:

COUNT ONE
(Conspiracy to Possess with Intent to Distribute Narcotics)

1. From at least on or about March 29, 2019 up to and including at least on or about April 3, 2019, in the Southern District of New York and elsewhere, ADALGISA MONTILLA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ADALGISA MONTILLA, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that ADALGISA MONTILLA, the defendant, conspired to distribute and possess with intent to distribute was one kilogram and more of mixtures and

substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 846)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.     I am a Task Force Officer with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my review of documents as well as my conversations with law enforcement agents and witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.   Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.     Based on my participation in this investigation, my review of law enforcement reports and records, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a.     On or about March 29, 2019, I and other law enforcement officers observed a particular automobile ("Automobile-1") driving in and around New York, New York. While Automobile-1 was parked at a particular location in New York, New York ("Location-1"), we observed an individual, who was later identified as ADALGISA MONTILLA, the defendant, enter the backseat of Automobile-1 through its rear passenger side door while carrying a bag ("Bag-1") that appeared, based on law enforcement officers observations of MONTILLA's handling of Bag-1, to be weighted.   Automobile-1 then drove a few blocks away and stopped.   MONTILLA then exited Automobile-1 with Bag-1. Based on law enforcement officers' observations of MONTILLA's handling of Bag-1, Bag-1 appeared to weigh less than it had when MONTILLA entered Automobile-1 with it.

b.     Automobile-1 then drove away and stopped at an intersection.   Thereafter, Automobile-1 failed to signal before making a right turn, which is a violation of New York State traffic law.

c.     Based on their observations of the traffic infraction described above, law enforcement officers conducted a

traffic stop of Automobile-1.  Inside Automobile-1 was the diver
("CC-1").

d.     Law enforcement officers approached
Automobile-1 and asked CC-1 for his driver's license and
registration.  CC-1 was unable to provide the registration and
instead stated, in substance and in part, that Automobile-1
belonged to his mother.  Based on their observations of CC-1's
demeanor, which appeared nervous and flustered, and because CC-1
could not provide registration for Automobile-1, law enforcement
officers asked CC-1 to exit Automobile-1.  CC-1 exited the
vehicle and then stated, in substance and in part, that it was
"no problem" for law enforcement officers to permit a trained
narcotics detection canine to smell around Automobile-1.

e.     A law enforcement officer who is a certified
narcotics detection canine handler ("Officer-1") exposed his
trained canine ("Canine-1") to Automobile-1 for inspection.[1]
Canine-1 reacted, indicating the presence of narcotics, to the
front driver side door and the rear passenger side door of
Automobile-1.  Law enforcement officers then opened a door of
Automobile-1 and Officer-1 exposed to Canine-1 a backpack
("Backpack-1") that was located behind the driver's seat where
CC-1 had been sitting.  Based on Officer-1's training and
experience, Officer-1 determined that Canine-1's reaction to
Backpack-1 indicated a positive alert for narcotics.

f.     Law enforcement officers removed Backpack-1
from Automobile-1, showed it to CC-1, and asked whether
Backpack-1 was his.  CC-1 confirmed that it was.  The Officers
then asked CC-1 whether they could open Backpack-1.  CC-1
consented.

_____

[1] Based on my review of documents and conversations with
other law enforcement officers, I have learned, in substance and
in part, the following regarding Canine-1.  Canine-1 was first
certified as a narcotics detection canine after completing
certification with the Port Authority Police Academy in June
2018.  Canine-1 was certified to detect the odors of marijuana,
cocaine, heroin, ecstasy, methamphetamines, and their
derivatives.  Canine-1 has received training and is used
regularly by law enforcement for the purpose of detecting
narcotic odors, and Canine-1 is trained to alert after detecting
the scent of narcotics.  Canine-1 was last certified in January
2019.  Canine-1 has successfully given positive indications of
narcotics in the field in the past and has proven reliable.

g.     The Officers opened Backpack-1 and discovered, among other things, an object shaped like a brick that was wrapped in plastic ("Brick-1") and approximately 100 green colored pills (the "Pills").

6.     Based on my conversations with other law enforcement officers, and my review of reports and records, I have learned, in substance and in part, that:

a.     Brick-1 weighed approximately 1.12 kilograms and field tested positive for the presence of heroin.

b.     The Pills field tested positive for the presence of heroin.

7.     Based on my participation in this investigation, my review of law enforcement reports and records, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a.     On or April 3, 2019, I and other law enforcement officers, conducting surveillance, observed ADALGISA MONTILLA, the defendant, in the vicinity of Location-1. After conducting surveillance for several minutes, we placed MONTILLA under arrest.

b.     MONTILLA was then advised of her *Miranda* rights. MONTILLA agreed to speak with law enforcement officers and signed a form indicating she wished to waive her *Miranda* rights. MONTILLA stated, in substance and in part, that she had provided drugs, which she stated may have been cocaine or possibly heroin, to someone in their car, who I believe is CC-1, a couple of days ago. MONTILLA also stated, in substance and in part, this exchange occurred near Location-1.

c.     MONTILLA then stated, in substance and in part, that there were narcotics inside her residence. MONTILLA provided a written consent to search her residence. During the search of the residence, law enforcement officers located plastic wrapping that appeared, based on their training and experience, to contain the residue of narcotics.

        WHEREFORE, deponent respectfully requests that
ADALGISA MONTILLA, the defendant, be imprisoned or bailed, as
the case may be.

                                CARLOS CARRASCO
                                Task Force Officer
                                Drug Enforcement Administration

Sworn to before me this
4th day of April, 2019

THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK